UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIANO LEDEZMA,<br>      Petitioner<br><br>    v.<br><br>RAYMOND MADDEN,<br>      Respondent. | Case No. 2:16-cv-2794-DMG (SK)<br><br>**ORDER TO SHOW CAUSE WITHIN 30 DAYS RE: MIXED PETITION** |

## I.

## **INTRODUCTION**

On April 22, 2016, Petitioner, a prisoner in state custody proceeding pro se, filed a 28 U.S.C. § 2254 Petition ("Pet.") alleging four grounds for relief. (Dkt 1). Petitioner consented to proceed before a U.S. Magistrate Judge for all proceedings. (Dkt 2). On June 28, 2016, Respondent filed a Motion to Dismiss the Petition, arguing that Petitioner has not exhausted Ground Four by fairly raising that claim in the California Supreme Court and that the unexhausted claim is, in any case, procedurally defaulted. (Dkt 9). Petitioner's required Opposition to the Motion to Dismiss was due on July 28, 2016 (Dkt 4), but as of the date of this Order, no Opposition or request for an extension of time to file the Opposition has been filed. Upon review of the Petition, the Motion to Dismiss, and the Lodged Documents ("LD"), it appears Respondent's Motion is well-founded and the Petition is subject to

dismissal because it is "mixed" — that is, it contains both exhausted and unexhausted claims.

## II.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the person has exhausted available state court remedies as to each of the issues presented. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, Petitioner has not raised Ground 4 – his ineffective assistance of counsel claim – in the California Supreme Court either on direct appeal or on collateral review. Accordingly, the Petition is a mixed petition and must be dismissed unless the unexhausted claim is deleted. *See Lundy*, 455 U.S. at 510 (28 U.S.C. §§ 2254(b) and (c) require "a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts"). Petitioner can avoid outright dismissal of the entire mixed petition by amending the petition "to delete any unexhausted claims and to proceed on the exhausted claims." *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) (per curiam). The purpose of this Order to Show Cause is to afford Petitioner the final opportunity to seek federal habeas consideration of at least his exhausted claims. Alternately, if

Petitioner maintains that his Petition is entirely exhausted, this Order provides Petitioner a second opportunity to present that position by way of a timely Opposition to the Motion to Dismiss.

### III.
### CONCLUSION

It appears to the Court that the Petition is mixed because Ground 4 has not been fairly presented to the California Supreme Court in a state habeas petition. Because the Court has no authority to consider mixed petitions, unless Petitioner deletes the unexhausted claim, the Petition is subject to outright dismissal as a mixed petition under *Rose v. Lundy*. **In addition, Petitioner is expressly cautioned that by the rules of this Court the "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion [to dismiss]." Local Rule 7-12.**

THEREFORE, within 30 days of the date of this Order, Petitioner is ordered to show cause why Respondent's Motion to Dismiss should not be granted on the ground that Petitioner has failed to exhaust all his federal habeas claims. Petitioner may satisfy and discharge this Order to Show Cause by filing, within 30 days of the date of this Order, either (1) an Opposition to the Motion to Dismiss that sets forth Petitioner's position as to whether Ground 4 is unexhausted and/or procedurally defaulted; or (2) a First Amended Petition that deletes Ground 4 and alleges – only – his three exhausted claims (Grounds One through Three). **If Petitioner does not file a timely response to this Order to Show Cause or a timely First Amended Petition deleting his unexhausted claim, Petitioner is advised that the Court will recommend dismissal of the Petition.**

FURTHERMORE, if Petitioner files a properly-exhausted and timely First Amended Petition pursuant to this Order, Respondent shall file an

Answer within 30 days of service of the First Amended Petition without further order of court. Respondent shall also file a notice of consent or non-consent to Magistrate Judge jurisdiction at the time of filing of the Answer, with the understanding that there are no adverse consequences for non-consent. Thereafter, Petitioner shall file a Traverse to the Answer – or a Waiver of Traverse if he does not intend to file a Traverse – within 30 days of the filing of Respondent's Answer. Unless otherwise ordered by the Court, this matter will be deemed submitted upon the expiration of Petitioner's deadline to file a Traverse or Waiver of Traverse.

**IT IS SO ORDERED.**

DATED: August 12, 2016

STEVE KIM
U.S. MAGISTRATE JUDGE